UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUSTIN PAULO,

    Plaintiff,

v.

BRIAN WILLIAMS, et al.,

    Defendants.

Case No. 2:19-cv-00474-APG-NJK

**ORDER**

[Docket No. 38]

Pending before the Court is Plaintiff's motion for appointment of counsel. Docket No. 38. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 38, 40, 41. The motion is properly resolved without a hearing. *See* LR 78-1.

In civil cases, courts may appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request the representation on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989). The appointment of counsel pursuant to § 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances necessary for appointment of counsel exist, a court considers (1) the likelihood of the success of Plaintiff's claims on the merits; and (2) Plaintiff's ability to articulate claims *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff asks the Court to grant his motion for appointment of counsel because he has no formal legal training and the issues in this case are complex.[1]  Docket No. 38 at 3–4 . Plaintiff

---

[1] Plaintiff submits that he filed the instant motion with assistance from inmate Jesse A. Ross. Docket No. 38 at 1.

submits that he is likely to succeed on the merits in this case. *Id.* at 4. Plaintiff further submits that he does not have direct access to the prison law library and that, even if he did, there are no legally trained individuals to assist him with this case in the prison law library.[2] *Id.*

In response, Defendants submit that Plaintiff's lack of formal legal training is not an exceptional circumstance warranting appointment of counsel. Docket No. 40 at 8. Defendants submit that Plaintiff, with assistance from inmate Ross, has successfully briefed and litigated several motions in this case. *Id.* at 8–9. Defendants further submit that Plaintiff's limited access to the prison law library is constitutionally sufficient. *Id.* at 9. Defendants therefore submit that Plaintiff's inability to consult legally trained individuals in the prison law library fails to justify appointment of counsel. *Id.* Defendants also submit that Plaintiff's "claims are neither out of the ordinary nor complex enough to warrant appointment of counsel[.]" *Id.* at 10.

In reply, Plaintiff submits that good cause exists to grant his request for appointment of counsel because he no longer has direct access to inmate Ross. Docket No. 41 at 2.

The Court appreciates that it is difficult for *pro se* parties to litigate their claims and that *pro se* parties would almost always be better served by representation of counsel. However, an individual proceeding *in forma pauperis* must demonstrate that "exceptional circumstances" exist to support the appointment. *See Agyeman*, 390 F.3d at 1103. Although Plaintiff has established colorable claims against Defendants, *see* Docket No. 26, the existence of colorable claims does not mean that the claims are more likely to succeed on the merits.[3] *See Williams v. Marks*, 2019 WL 1804759, at *2 (D. Nev. Apr. 24, 2019) ("Plaintiff's success at the screening stage does not demonstrate a likelihood of success on the merits"). Moreover, contrary to Plaintiff's argument

---

[2] Plaintiff submits that good cause exists to grant his request for appointment of counsel because, in a separate brief, Defendants stated that he is a vulnerable inmate who is being taken advantage of by other inmates. *See* Docket No. 38 at 4. At the same time, however, Plaintiff submits that Defendants' statements are "nonsensical." *Id.* at 5. It is unclear whether Plaintiff relies on his alleged vulnerability as a basis for appointment of counsel. The Court, therefore, does not consider Plaintiff's alleged vulnerability in resolving the instant motion.

[3] Plaintiff submits that, in a similar but less complex case, United States District Judge Richard F. Boulware II granted an inmate plaintiff's request for appointment of counsel. Docket No. 38 at 6. In that case, however, the plaintiff's claims had survived a motion for summary judgment and Judge Boulware found that the issues became more complex as the case proceeded to trial. *See Kern v. Henry*, 2017 U.S. Dist. LEXIS 62435 (D. Nev. Apr. 24, 2017).

that the issues in this case are complex, Plaintiff's legal arguments in briefing the instant and other motions demonstrate that he can competently articulate his claims *pro se*.[4] Thus, Plaintiff fails to demonstrate the exceptional circumstances necessary for appointment of counsel. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982) (finding that appointment of counsel is not a matter of right); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989)) (finding that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses").

Accordingly, Plaintiff's motion for appointment of counsel, Docket No. 38, is hereby **DENIED**.

IT IS SO ORDERED.

Dated: July 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The Court recognizes that Plaintiff has briefed the instant and other motions with assistance from inmate Ross. Nonetheless, "the fact that Plaintiff relies on assistance from . . . another inmate to litigate this case does not justify the appointment of counsel." *Torres v. Jorrin*, 2020 WL 5909529, at *3 (S.D. Cal. Oct. 6, 2020) (citing *Montano v. Solomon*, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010)). The Court expresses no opinion herein on the implications of Plaintiff's purported recent inability to directly access inmate Ross, the subject of another pending motion. *See* Docket No. 42.