UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN PAULO,<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>      Defendants. | Case No. 2:19-cv-00474-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 42] |

Pending before the Court is Plaintiff's motion for an order directing Defendants to permit him to access inmate counsel substitute. Docket No. 42. The Court has considered Plaintiff's motion and Defendants' response. Docket Nos. 42, 44. No reply has been filed, and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed more fully below, the Court **DENIES** Plaintiff's motion.

**I.      BACKGROUND**

Plaintiff is an inmate proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915. On February 18, 2020, United States District Judge Andrew P. Gordon issued a screening order, permitting Plaintiff to proceed on an Eighth Amendment claim against Defendants. Docket No. 6. Plaintiff has submitted numerous filings, including the instant motion, with assistance from inmate Jesse A. Ross. *See, e.g.*, Docket Nos. 34, 37, 38, 41, 42. Plaintiff and inmate Ross are no longer housed in the same unit; as a result, pursuant to the Nevada Department of Corrections' ("NDOC") policy, Plaintiff may consult other inmates in his unit for legal assistance, but may not avail himself of inmate Ross' continued legal assistance. *See generally* Docket Nos. 42, 44. Plaintiff, therefore, seeks a Court order directing Defendants to permit him access to inmate Ross for continued legal assistance. Docket No. 42.

1

## II. LEGAL STANDARD

An inmate may not be barred from seeking assistance from other inmates when pursuing claims arising from constitutional violations, "unless and until the State provides some reasonable alternative to assist inmates[.]" *Wolff v. McDonnell*, 418 U.S. 539, 578 (1974) (citing *Johnson v. Avery*, 393 U.S. 483, 490 (1969)). However, "[e]ven in the absence of such alternatives, the State may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to both abuse the giving and seeking of assistance[.]" *Johnson*, 393 U.S. at 490. "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

## III. ANALYSIS

Plaintiff asks the Court to issue an order that permits him to confer with inmate Ross for at least one hour per week and that provides inmate Ross with all filings submitted in this case. Docket No. 42 at 1, 14. In support of his request, Plaintiff submits that Defendants intentionally abridged his constitutional right to access the courts by transferring him, without adequate justification, to a unit in which inmate Ross is not housed. *Id.* at 8–9. Plaintiff further submits that, pursuant to NDOC policies, "inmates may assist each other in the preparation of legal documents and may act as counsel substitute[.]" *Id.* at 9. Plaintiff submits that he requires inmate Ross' assistance to prepare dispositive motions. *Id.* at 12.

In response, Defendants submit that, while Plaintiff may seek assistance from fellow inmates, he is not entitled to assistance from an inmate of his choosing. Docket No. 44 at 1. Defendants submit that NDOC policies permit Plaintiff to access library law assistants and to request assistance from inmates within his unit. *Id.* at 2. Defendants further submit that NDOC officers currently visit Plaintiff's unit twice a day to collect legal copy requests and to deliver requested materials. *Id.* In addition, Defendants submit that NDOC has severe concerns with allowing inmate Ross access to Plaintiff. *Id.* at 3. Specifically, Defendants submit that, based on inmate Ross' criminal history, he may exploit Plaintiff and use his relationship with Plaintiff to obtain special privileges to visit other units. *Id.* Defendants further submit that NDOC "discovered that Inmate Ross was falsely claiming to be a law library clerk and using it as an excuse to go

between the units." *Id.* Defendants submit that "NDOC has an interest in preventing Inmate Ross from exploiting inmates through the guise of providing legal assistance." *Id.* at 4.

The Court finds that Plaintiff is not entitled access to inmate Ross and that he has appropriate access to legal assistance. "[W]hen an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing." *Storseth*, 654 F.2d at 1353. While Plaintiff may prefer to obtain assistance from inmate Ross, it is clear that Plaintiff has the opportunity to avail himself of other inmates in his unit and of assistance generally available to all inmates.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion for an order directing Defendants to permit him to access inmate counsel substitute, Docket No. 42, is hereby **DENIED**.

IT IS SO ORDERED.

Dated: August 4, 2021

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　United States Magistrate Judge