## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JUSTIN PAULO,

     Plaintiff,

v.

BRIAN WILLIAMS, et al.,

     Defendants.

Case No.: 2:19-cv-00474-APG-NJK

**ORDER**

[Docket Nos. 55, 61]

Pending before the Court is an order for Defendants to show cause as to why the Court should not order them to pay Plaintiff's reasonable costs in litigating his motion to compel. Docket No. 55. Defendants filed a response. Docket No. 68. Also pending before the Court is Plaintiff's motion for sanctions, which arises out of the same discovery dispute as his prior motion to compel. Docket No. 61. *See also* Docket No. 52. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 69, 71 (errata), 72 (errata), 73 (errata), 74.

### I.    BACKGROUND

On January 26, 2021, United States District Judge Andrew P. Gordon issued a screening order permitting Plaintiff to proceed on six claims related to his conditions of confinement. Docket No. 26. The claim that is relevant to the underlying motion to compel is an Eighth Amendment claim, which Judge Gordon allowed to proceed against Defendants Hubbard-Pickett, Matousik, Williams, and Bean. *Id.* at 5. Judge Gordon found that Plaintiff stated a colorable claim that he was deprived of his Eighth Amendment rights based on alleged deprivation of outdoor exercise time. *Id.* Plaintiff alleges that, from January 2017 to January 2018, he was scheduled for four hours per week of outdoor recreation. Docket No. 27 at 10. He

1

further alleges that, following that period of time, he was scheduled for five hours per week of outdoor recreation. *Id.* Plaintiff alleges that, over the course of his incarceration, his outdoor recreation time was severely delayed or cancelled consistently, resulting in many cancelled or cut-short recreation times. *Id.*

As part of discovery on this claim, Plaintiff propounded requests for production on Defendants Williams, Beam, and Wickham on April 28, 2021. Docket No. 52 at 2, 27. In these requests, Plaintiff asked each defendant to produce "a copy of the tier and yard schedule for the "HDSP" Protective segregation unit ("PSU") from 11-16-2016 to 04-28-2021, and provide a copy of any new or replacement schedules during the above referenced time." *Id.* at 26. Each named Defendant responded by providing the tier and yard schedule for 2020 and 2021 and objecting to the production of the remaining requests as "overly broad and unduly burdensome as it calls for information which may not exist or may require laborious research to determine whether it exists." *Id.* at 30-34, 39-40, 45-46, 51-52. The parties met and conferred on this issue. *Id.* at 3, 8-14, 18-22. On October 20, 2021, Plaintiff filed a motion to compel. Docket No. 52.

On November 8, 2021, the Court granted Plaintiff's motion to compel. Docket No. 55. The Court ordered Defendants to provide the missing yard and tier schedules by November 22, 2021. *Id.* at 3. The Court also ordered Defendants to show cause as to why the Court should not order them to pay Plaintiff's reasonable costs in filing the motion to compel. *Id.* On November 29, 2021, Plaintiff filed the instant motion to compel. Docket No. 61. In his motion, Plaintiff submits that by November 29, 2021, he had still not received the schedules the Court ordered Defendants to produce. *Id.* at 2. Plaintiff seeks monetary and case-dispositive sanctions pursuant to the Court's power to impose sanctions under Federal Rule of Civil Procedure 37. *Id.* at 4-5.

## II.    MOTION FOR SANCTIONS

Plaintiff asks the Court to sanction Defendants under Federal Rule of Civil Procedure 37(b). Docket No. 61 at 4-5. First, Plaintiff contends that terminating sanctions are appropriate because Defendants attempted to re-object to discovery disputes the Court had ordered and only

provided updated tier schedules outside of the time period the Court ordered Defendants to provide. *Id.* at 2-5. Plaintiff submits that Defendants have obstructed an orderly discovery process by failing to provide the ordered documents. Docket No. 74 at 5-7.

Defendants submit that no sanctions are warranted in this case. Docket No. 69 at 2. Defendants submit that the Court lacks legal authority to impose terminating sanctions as Defendants did not violate a discovery order. *Id.* at 2-3. Similarly, Defendants submit that nothing warrants imposing any of the requested monetary sanctions. *Id.* at 4. Defendants submit that they should not be subjected to sanctions because they conducted a diligent search. Docket No. 68 at 4. Further, Defendants submit they mistakenly assumed their response to the motion to compel was legally adequate, despite not providing points and authorities as required by the Court's Local Rules, and that they should not have been subjected to the Court's order at all. *Id.* at 5-6, 7-9.

Orders are not suggestions or recommendations; they are directives with which compliance is mandatory. *See, e.g., Chapman v. Pacific Tel. & Tel. Co.*, 613 F.29 193, 197 (9th Cir. 1979). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Federal Rule of Civil Procedure 37 allows the Court to issue orders compelling discovery. Fed. R. Civ. P. 37(a). Rule 37(b) expressly provides for the imposition of sanctions when parties fail to comply with court orders related to discovery. *See* Fed. R. Civ. P. 37(b)(2). When a party fails to comply with a court-ordered production under Rule 37(a), Federal Rule 37(b) is triggered. Fed. R. Civ. P. 37(b)(2). A motion for sanctions arising out of a discovery dispute is not generally considered a "discovery motion" for purposes of Local Rule 26-6 and, therefore, does not have a meet and confer requirement. *See, e.g, Nationstar Mortgage LLC v. Flamingo Trails No. 7 Landscape Maintenance Association*, 316 F.R.D. 327, 336 (D. Nev. 2016).

The party requesting sanctions under Rule 37 bears the burden of establishing that the opposing party failed to comply with the Court's order. *Cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 23, 241-42 (D. Nev. 2017) (citing *Lodge v. United Homes, LLC*, 787 F.Supp.2d 247 258 (E.D.N.Y. 2011)). Courts have great latitude in imposing just sanctions under Rule 37.

1  *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). *See also Lew v. Kona*
2  *Hosp.*, 754 F.2d 1420, 1425-26 (9th Cir. 1985).

3          Due process requires that sanctions for discovery abuses be just and that the sanctions
4  relate to the claims at issue in the relevant discovery order. *Wyle v. R.J. Reynolds Industries,*
5  *Inc.*, 709 F.2d 585, 591 (9th Cir. 1983).   While the Court's discretion includes terminating
6  sanctions, such sanctions are typically only justified upon a showing of willfulness, bad faith,
7  and fault. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th
8  Cir. 2007).   In deciding whether to grant a motion for terminating sanctions under Rule
9  37(b)(2)(a), the Court should consider five factors: "(1) the public's interest in expeditious
10 resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the
11 party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and
12 (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169
13 (9th Cir. 2012).   Where a court order is violated, the first two factors support sanctions and the
14 fourth factor cuts against them.   Therefore, the third and fifth factors are generally decisive in the
15 inquiry.  *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Computer Task Group, Inc. v.*
16 *Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

17         The Court finds that, while sanctions are appropriate in this case, terminating sanctions
18 are not.   In considering Plaintiff's request for terminating sanctions, the five factors set by the
19 Ninth Circuit weigh against imposing such severe sanctions.   The failure to produce discovery as
20 ordered is considered sufficient prejudice to the opposing party. *Payne*, 121 F.3d at 508 (internal
21 citation omitted).   The Court finds that Plaintiff has satisfied his burden in establishing that
22 Defendants failed to comply with the Court's order to produce the missing tier schedules from
23 November 2016 through the beginning of 2020.   Defendants provided Plaintiff with
24 supplemental objections which were not covered by the Court's order compelling the production
25 of the missing tier and yard schedules.   Docket No. 74 at 10-37.   The supplemental productions
26 contain no information suggesting that further searches had been done or that the requested
27 documents were not locatable. *Id.*   Defendants provided the supplemental responses one week
28 after the Court's deadline to provide the missing schedules. *Id.* at 37.   While Defendants submit

that they conducted a diligent search for the schedules in their response to the Court's order to show cause, they provide no information as to what this search entailed.  Docket No. 68 at 4-5. This bare statement, without further support or certification, is not sufficient to overcome Plaintiff's showing.

The Court's inquiry now turns to whether less drastic sanctions are available.  The Court previously ordered Defendants to produce the requested schedules and to show cause as to why monetary sanctions should not be imposed.  Docket No. 55 at 3.  No sanctions have yet to be imposed for this discovery issue.  *See* Docket.

The Court is concerned with Defendants' behavior in this case.  Defendants failed to timely comply with the Court's order that they must produce the requested schedules.  When Defendants sent a response to Plaintiff after the Court's deadline expired, Defendants again attempted to object that finding the requested schedules was unduly burdensome and overly broad due to the five-year period the requested schedules span, along with vague, general statements that the documents might no longer exist.  *See* Docket No. 74 at 10-37.  This objection was the exact objection at issue in the prior motion to compel.  *See* Docket No. 55 at 3. The Court already considered these objections and deemed them inadequate.  *Id.*  Further, in their response to the instant motion, Defendants again attempt to relitigate the previous motion to compel which, as stated above, the Court already considered and decided.  *See* Docket Nos. 68 at 2-6, 69 at 2.

The Court is mindful of "the policy favoring resolution of disputes on the merits" which can justify "impos[ing] lesser sanctions" to allow Defendants "ample opportunity to correct the deficiencies in their discovery responses. . . ."  *Payne*, 121 F.3d at 506-07.  The Court therefore declines to implement terminating sanctions and will instead impose less drastic sanctions.

Plaintiff asks the Court to order Defendants to pay him $350.00 as reimbursement of his filing fee in this matter and to impose a court fine of $2,000 on Defendants Bean, Wickham, and Williams.  Docket No. 61 at 5.  Plaintiff further asks the Court to impose a dine on Deputy Attorney General Smith and to require him to participate in a continuing legal education course about discovery in the Nevada courts.  *Id.*

1    The Court declines to impose over $8,000 in costs and fines, when less severe sanctions
2  are available and would result in Plaintiff obtaining the discovery material he seeks. The Court
3  **ORDERS** Defendants Williams, Bean, and Wickham to pay Plaintiff's reasonable costs in
4  litigating the instant motion and the motion to compel.  The Court will grant Defendants one
5  final opportunity to comply with the Court's order at Docket 55.

6      **III.    CONCLUSION**

7      For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's
8  motion for sanctions.  Docket No. 61.[1]  Plaintiff must submit a motion outlining his reasonable
9  costs associated with litigating his motion to compel, Docket No. 52, and this motion for
10 sanctions, Docket No. 61, no later than **January 19, 2022**.  Defendants must respond to this
11 motion no later than January 26, 2022.  Further, no later than **January 19, 2022**, Defendants
12 must provide Plaintiff the missing tier and yard schedules requested in Request for Production
13 Two.  **FAILURE TO COMPLY WITH THE COURT'S ORDER COULD RESULT IN**
14 **FURTHER SANCTIONS, UP TO AND INCLUDING CASE DISPOSITIVE SANCTIONS**.

15     IT IS SO ORDERED.

16     Dated: January 5, 2022

17                                                         _____
18                                                         Nancy J. Koppe
                                                           United States Magistrate Judge
19
20
21
22
23
24
25
26
27
28

---

[1] The Court's order to show cause, Docket No. 55, is hereby **DISCHARGED**.

6