# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN PAULO,

    Plaintiff,

v.

BRIAN WILLIAMS, et al.,

    Defendants.

Case No.: 2:19-cv-00474-APG-NJK

**ORDER**

[Docket No. 85]

Pending before the Court is Defendants' unopposed motion to extend the dispositive motions and joint pretrial order deadlines by thirty-five days. Docket No. 85. A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.[1] Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. For good cause shown, the Court **GRANTS** Defendants' motion, Docket No. 85, and **EXTENDS** the deadlines as follows:

- Dispositive Motions: May 2, 2022
- Pre-trial Order: June 6, 2022, 30 days after resolution of dispositive motions, or further Court Order.

IT IS SO ORDERED.

Dated: March 22, 2022

                                        Nancy J. Koppe
                                        United States Magistrate Judge

---

[1] The motion's recitation of the applicable standard for extension of a deadline in the scheduling order is inconsistent with governing law. The motion relies on a Ninth Circuit decision applying Rule 6 in the context of a request to extend a briefing schedule. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Defendants extrapolate from that case a standard by which extensions are granted as a matter of course when there is a lack of prejudice or bad faith. *See* Docket No. 85 at 3. Defendants' proposed standard, however, runs counter to governing Ninth Circuit case law specific to a motion to modify a deadline established by the scheduling order pursuant to Rule 16. *E.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court expects parties to cite to applicable caselaw. Citing to a standard for extending a briefing schedule instead of the well-established standard for extending deadlines in the scheduling order does not constitute effective lawyering.