1 | Name: Justin Paulo

2 | ID#: 1128387

3 | HDSP

4 | P.O.Box 650

5 | Indian Springs, NV  89070

6

7

8 | # UNITED STATES DISTRICT COURT

9 | # DISTRICT OF NEVADA

10

11 | JUSTIN PAULO, | Case No.: 2:19-cv-00474-CDS-NJK

12 | Plaintiff,

13 | -v- | MOTION FOR FINAL JUDGMENT

14 | BRIAN WILLIAMS, et al., | AS TO COUNT 1 PURSUANT TO

15 | Defendant(s). | RULE 54(b)

16

17

18 | COMES NOW the above-named Plaintiff, appearing pro se to

19 | respectfully request this Court enter a final judgment as to Count 1.

20 | This motion is based upon the papers and pleadings on file, the

21 | attached memorandum of points and authorities and any oral

22 | argument permitted at the hearing of this matter.

23

24

25

26

27

28

Page 1 of 4

MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT PROCEDURAL HISTORY

On 9/5/2023 the Court resolved the parties' respective motions for summary judgment, ECF No. 121. Relevant to this motion, the Court **GRANTED** Defendants' Motion for Summary Judgment ("MSJ") as to Count 1, which count concerned Plaintiff's claim of inadequate outdoor exercise constituting deliberate indifference in violation of the Eighth Amendment, and the Court **DENIED** Plaintiff's MSJ as to the same count (Count 1). ECF No. 121, page 7.

On 10/11/2023 Plaintiff filed a motion for reconsideration for, inter alia, Count 1. ECF No. 123.

## II. STATEMENT OF THE CASE

This is a 42 U.S.C. § 1983 civil rights action brought by pro se plaintiff Justin Paulo. The complaint alleges seven causes of action: 1) Eighth Amendment Cruel and Unusual Punishment claim involving lack of outdoor exercise time; 2) a First Amendment Free Exercise Claim; 3) a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim; 4) a Fourteenth Amendment Equal Protection Claim; 5) an Establishment Clause claim for denial of the common fare diet; and 6) two Eighth Amendment Cruel and Unusual Punishment claims for denial of dental treatment.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) states:

> "When an action presents more than one
> claim for relief – whether as a claim, counterclaim,
> crossclaim, or third-party claim – or when multiple
> parties are involved, the court may direct entry of
> a final judgment as to one or more, but fewer
> than all, claims or parties only if the court
> expressly determines that there is no just reason
> for delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than
> all the claims or the rights and liabilities of
> fewer than all the parties does not end the action
> as to any of the claims or parties and may be
> revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties'
> rights and liabilities."

## IV. LEGAL ARGUMENT

In the Court's Order, ECF No. 121, adjudicating the parties'
respective MSJ's, the Court GRANTED the Defendants' MSJ as to
Count 1, an Eighth Amendment claim relating to inadequate outdoor
exercise, for Plaintiff's failure to properly exhaust administrative
remedies under 42 U.S.C. §1997(e)(a), and GRANTED Plaintiff summary
judgment on Counts 2 and 3, a Free Exercise and an RLUIPA claim.

1  Plaintiff has submitted a motion for reconsideration for, inter alia, the
2  Court's decision as to Count 1. Plaintiff will be proceeding to trial on
3  Count 2 for damages against Defendant Calderin. Count 1 has no
4  relation to Counts 2 and 3.
5      "The broad, underlying purpose of the Federal Rules of Civil Procedure
6  is to 'secure the just, speedy, and inexpensive determination of every
7  action and proceeding.'" Williams v. Las Vegas Metro. Police Dep't, 2014
8  U.S. Dist. LEXIS 162220 (D. Nev. Nov. 14, 2014) (citing Fed. R. Civ. P. 1).
9  "Federal Rule of Civil Procedure 16 authorizes courts to manage their
10 cases 'so that disposition is expedited, wasteful pretrial activities are
11 discouraged, the quality of the trial is improved, and settlement is
12 facilitated.'" Id. (citing In re Phenylpropanolamine Prods. Liab. Litig.,
13 460 F.3d 1217, 1227 (9th Cir. 2006).
14
15 **V. CONCLUSION**
16
17    Should the Court deny Plaintiff's motion for reconsideration, ECF No.
18 123, Plaintiff respectfully requests this Court enter a final,
19 appealable, judgment on Count 1 pursuant to Fed. R. Civ. P Rule 54(b).
20
21                               Respectfully submitted,
22 Dated: 10/16/23
23                               _____
24                               Justin Paulo, pro se
25                               ID # 1128387
26
27
28

# NOTICE OF ELECTRONIC FILING

I _____Justin Panlo_____ certify that on
_____10/16/23_____ I submitted via institutional mail / direct delivery
to HDSP Law Library, a true and correct copy of the foregoing document
entitled:_____Motion for Final Judgment as to Count 1
_____Pursuant to Rule 54(b)_____

To the High Desert State Prison Law Library electronic filing department;
to be electronically filed with the United States District Court, District of
Nevada. I being a Pro-se incarcerated litigant request the court apply the
"mailbox rule," as it pertains to the filing of this document, see Douglas v.
Noelle, 567 F.3d 1103, 1106-07 (9th Cir 2009); Faile v. Upjohn Co., 988 F.2d
985, 988 (9th Cir 1993); Jones v. Blanas 393 F.3d 918, 926 (9th Cir 2004).

DATED:____10/16/23_____          x _____

                                    NAME: ___Justin Panlo_____

                                    ID#: _____1128387_____

                                    HDSP
                                    P.O. Box 650
                                    Indian Springs, NV.  89070