UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Justin Paulo,

           Plaintiff

v.

Brian Williams, et al.,

           Defendants

Case No.: 2:19-cv-00474-CDS-NJK

**Order Denying Paulo's Motion for Reconsideration and Granting Paulo's Motion for Judgment**

[ECF Nos. 123, 126]

      Presently before this court are several motions brought by pro se plaintiff Justin Paulo in response to this court's decision regarding the parties' summary judgment motions. ECF No. 121. Paulo brings a motion for reconsideration (ECF No. 123) and a motion for judgment (ECF No. 125).[1] For the following reasons, I deny the motion for reconsideration and grant the motion for judgment.

I.      Relevant Procedural History

      On May 2, 2022, defendants filed a motion for summary judgment on all counts. Mot. Summ. J., ECF No. 88. On July 14, 2022, Paulo filed a cross motion for summary judgment on all counts. Mot. Summ. J., ECF No. 108. In connection with claim I, Paulo also filed a motion for preliminary injunction. Mot. Prelim. Inj., ECF No. 114. On June 13, 2023, I granted Paulo summary judgment on claims II and III, denied his motion on the remaining claims, and granted defendants summary judgment as to claims I, IV, V, VI, and VII, and denied their motion as to claims II and III. Order, ECF No. 121. Further, because I granted defendants summary judgment on claim I, I denied Paulo's request for a preliminary injunction. *Id*.

      Paulo now brings a motion for reconsideration asking the court to reconsider granting defendants summary judgment for claim I, and to reconsider its dismissing defendants Williams

---

[1] The court does not address the also pending motion to compel compliance in this order. ECF No. 129.

and Wickham for lack of personal involvement regarding claims II and III. Mot. for Recons., ECF No. 123 at 5–12. In the same motion, Paulo also notes that defendant Calderin was sued in his "individual capacity" and asserts that he is subject to monetary damages as such under claim II. *Id.* at 13.[2] Paulo requests that, in the event the court denies his motion for reconsideration on claim I, that the court enter final judgment as to claim I pursuant to Rule 54(b). Mot. for Final J., ECF No. 126. To assist the court in better assessing Paulo's motion for reconsideration, the court ordered defendants to file additional briefing on the administrative exhaustion issue. Order, ECF No. 133. Defendants complied with my order and filed supplemental briefing on November 11, 2023. Resp., ECF No. 138.

## II.   Legal standards

The following sets forth the applicable law and authority regarding the pending motions before the court. As a general matter, I liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, despite Paulo's pro se status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules").

### A.   Motion for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorpe*, 52 F.3d 252,

---

[2] In his subsequent motion for clarification, Paulo requested clarification on whether he may proceed against Calderin for monetary damages as to claim II. ECF No. 125. The court granted that motion and answered in the affirmative on November 6, 2023. *See* ECF No. 134.

2

255 (9th Cir. 1995); *Khan v. Fasano*, 194 F.Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994), *aff'd*, 89 F.3d 845 (9th Cir. 1996) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).

A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. *Maraziti*, 52 F.3d at 254. A Rule 60(b) motion must be filed within a reasonable time: for reasons (1) through (3), that time is not more than one year after the judgment, order, or proceeding was entered. Fed. R. Civ. P. 60(b). Errors of law are cognizable under Rule 60(b)(1). *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

This district's local rules regarding civil cases require that any motion for reconsideration "**must state with particularity the points of law or fact that the court has overlooked or misunderstood**. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1 (emphasis added).

B.   Motions to Enter Judgment

"Federal courts of appeals have jurisdiction over only appeals from 'final decisions' of federal district courts." *Nuwintore v. United States*, 2014 WL 7335215, at *1 (E.D. Cal. Dec. 19, 2014)

(quoting 28 U.S.C. § 1291). "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Id.* (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999)); *see Jones v. McDaniel*, 717 F.3d 1062, 1068 (9th Cir. 2013) ("Orders granting partial summary judgment 'are not final appealable orders.'"). Under Rule 54(b) of the Federal Rules of Civil Procedure, however, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *McDaniel*, 717 F.3d at 1068 ("parties ordinarily must obtain Rule 54(b) certification in order to appeal partial summary judgments.").

The U.S. Supreme Court directs how a district court certifies a case under Rule 54(b). First, a district court must determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Once the court determines finality, the district court must next determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." *Id.* at 435. It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Id.* This discretion is to be exercised "in the interest of sound judicial administration." *Id.* at 437.

In deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must consider judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Id.* at 438.

III.     Analysis

I proceed by first denying Paulo's motion for reconsideration of my order granting summary judgment on claim I and dismissing defendants Williams and Wickham for lack of personal involvement regarding claims II and III. Next, I grant Paulo's motion for judgment on claim I.

### A.     Paulo does not set forth a basis for this court to reconsider its prior order.

As explained herein, Paulo's motion for reconsideration fails to demonstrate any mistake, newly discovered factual circumstance, or intervening law that would suggest I reconsider my prior order. For that reason, it is denied.

#### 1.     *Reconsideration regarding claim I is denied.*

Paulo asks this court to reconsider its finding that claim I is barred under the Prison Litigation Reform Act (PRLA) based on his failure to exhaust administrative remedies because he "respectfully disagrees with the Court's analysis of the facts and evidentiary record." ECF No. 123 at 5. I liberally construe this as an argument that the court made a mistake in granting summary judgment on this count and requesting relief under Fed. R. Civ. P. 60(b)(1). Paulo's main contention for why this court erred in granting summary judgment for failure to exhaust includes evidence that he believes the court overlooked: (1) Paulo's statement "that prison officials continued to 'lose' pages to [Paulo's] grievance and that Warden Pickett confiscated [Paulo's] grievance" and (2) an October 17, 2018 High Desert State Prison (HDSP) memorandum in which Warden Pickett explained that "[Paulo's] grievance may not be resubmitted, [and] it will be placed in your grievance file without any action." *Id.*

Paulo's reconsideration motion, however, seeks to rehash a determination the court made based on evidence the court has already considered. Though Paulo protests that the court erred in holding that Paulo provided "'absolutely no evidence' that Defendants had confiscated Plaintiff's grievance[,]" what this court actually said was: "Though Paulo alleges that defendant Hubbard-Pickett confiscated his grievance because the grievance coordinators had purportedly

5

'lost' his related documents (ECF No. 108 at 18–19), he provides absolutely no evidence supporting this claim." ECF No. 121 at 6. This is an important distinction. The evidence indicates that Hubbard-Pickett told Paulo that he was not permitted to resubmit his grievance after violating the procedure four times—to what Paulo refers to as "confiscating" his grievance. October 17, 2018 Memo, Pl.'s Exhibit C, ECF No. 123 at 55. Paulo also alleges that he was not able to follow these instructions because defendants allegedly "kept losing" unspecified papers of his grievances. ECF No. 27 at ¶ 27. But Paulo's allegation lacks the required evidence to substantiate it at this late stage. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). Simply, Paulo failed at the summary judgment stage to provide evidence to support, beyond his own assertion, that defendants "kept losing" his grievance pages. ECF No. 27 at ¶ 27; *Villiarimo v. Aloha Island Air Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("'[U]ncorroborated and self-serving testimony,' without more, will not create a 'genuine issue' of material fact precluding summary judgment."). That has not changed since the court granted defendants summary judgment at to claim I.

      Paulo also raises the argument that, in any event, the prison's confiscation of his grievances was impermissible as AR 740 does not require him to attach his previous-level grievance documents. ECF No. 123 at 9. To support his argument, Paulo cites *Williams v. Allen*, which found that AR 740 did not specifically require a prisoner to attach "previously submitted grievance documents and responses" to a grievance and that "it makes very little sense to interpret it that way, as the administrative staff who manage prisoner grievances are very likely to have access to that documentation already." 2020 U.S. Dist. Lexis 94684, at *21 (D. Nev. May 29, 2020). After consideration of defendants' additional briefing on this issue (ECF No. 138), as well as the exhibits attached thereto, I find no reason to disturb my prior decision granting defendants summary judgment on claim I.

Administration Regulation 740 states that, at the First Level Grievance stage, inmates must attach "[a]ny additional relevant documentation" and that inmates must submit a Form DOC – 3094 at the Second Level, which prompts for "all supporting documentation[.]" AR 740, Defs.' Ex. B, ECF No. 138-2 at 10–12. AR 740 does not define what should comprise this documentation—making the necessity of attaching lower-level grievances ambiguous—but the Nevada Department of Corrections (NDOC) provides inmates with an Inmate Orientation Booklet, which clearly and specifically instructs inmates to "attach the First Level response and the Informal response to the Second Level appeal." HDSP Orientation Manuel, Defs.' Ex. C, ECF No. 138-3 at 6.

Paulo, in essence, wants this court to find that the NDOC's interpretation of its own regulation is incorrect. After consideration of defendants' brief and the relevant authorities, the court sees no reason to challenge the NDOC's reasonable interpretation of its own ambiguous regulation in this instance, particularly when that interpretation was clearly communicated to inmates. *Landis v. Washington State Major League Baseball Stadium Pub. Facilities Dist.*, 11 F.4th 1101, 1105 (9th Cir. 2021) ("As a general rule, courts defer to an agency's interpretation of its own 'genuinely ambiguous' regulation") (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414–15 (2019)). Indeed, what is key here is that Paulo had *notice* of this procedural requirement.[3] ECF No. 89 at

---

[3] The evidence shows Paulo had notice because, in response to the First Level grievance he submitted on August 13, 2018, the prison clearly told him to "[p]lease resubmit grievance on a First Level grievance form restating the claim and the remedy, attached ALL previously submitted documents including prior submitted grievance(s), and the prior DOC 3098 Improper Grievance Memo(s) so this can be fully researched." ECF No. 89 at 59. Paulo responded with a re-filed First Level grievance that claimed that he did submit the required previous documentation (including his informal grievance), but that the prison "lost it." *Id.* at 57. The prison responded substantively to this grievance, permitting Paulo to continue the exhaustion process. *Id.* at 56. His subsequent Second Level grievance was rejected for failing to attach the previous grievances, with clear instruction for how to remedy this issue as well as the additional instruction, highlighted twice: "If you need additional assistance please see your Unit Caseworker." *Id.* at 53. Paulo resubmitted the Second Level grievance on October 4, 2018, without attaching either his First Level grievance or informal grievance, prompting the October 17, 2018 Memo. ECF No. 123 at 55. Though Paulo claims that the prison acted with malintent to undermine his administrative remedies and "end[ed] the available administrative remedies" (ECF No. 27 ¶27), the evidence instead indicates that Paulo was able to successfully exhaust a second round of grievances on the same issue after appropriately following

53; *see Kelley v. Gedney*, 2017 WL 2426859, at *11 (D. Nev. June 5, 2017) (finding administrative remedies available when inmate was advised in response to the first and second level grievances of prison's interpretation of regulation and how plaintiff was to proceed), *report and recommendation adopted*, 2017 WL 3477741 (D. Nev. Aug. 14, 2017), *aff'd*, 715 F. App'x 766 (9th Cir. 2018).

Other courts in this district which have interpreted AR 740 to not require inmates to attach previous grievances appear not to have had the opportunity to consider the NDOC secondary sources interpreting the relevant language or the insight into the NDOC grievance management process that defendants articulated in response to this court's order to show cause. *See, e.g.*, *Vela v. Cox*, 2014 WL 2921828, at *6 (D. Nev. June 26, 2014) (finding requiring the inmates to provide their lower-level grievance documents is "unnecessary" because NDOC also has copies of them). For example, defendants explain that the "NDOC requires inmates to attach their lower-level grievance documents because the prison officials who must review and respond to them do not have digital copies of the grievance documents when they are reviewing them and reviewing the paper copies is necessary because the digital summary of the grievance does not enable the reviewer to check for mandatory signatures." ECF No. 138 (citing Williams Decl., Defs.' Ex. A, ECF No. 138-1 at ¶¶7–9). I do not disagree that the institution likely has copies of the grievances or appeals, but I will not speculate as to how those grievances are retained or retrieved for purposes of resolving grievances; moreover, it is a reasonable assumption that an institution may need notice of the specific grievance an inmate is seeking to appeal in order to properly address it.

Because the court finds the NDOC's regulation interpretation worthy of deference and finds that Paulo had clear notice of this interpretation when engaging in the grievance process,

---

prison procedure, *after* he filed the instant suit (No. 2006-30-97460). ECF No. 103 at 12–21. His mistake was filing suit prior to such exhaustion.

the court does not find it appropriate to reconsider its ruling that the grievance process was available to Paulo.

### 2. *There is no basis to reconsider the court's dismissal of defendants Williams and Wickham for lack of personal participation.*

Paulo requests that the court reconsider its decision to dismiss defendants Deputy Director Wickham and Warden Williams for lack of personal involvement because he believes "relevant decisional law does, in fact, subject Defendants Williams and Wickham to liability." ECF No. 123 at 10–12. He cites *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) for the proposition that "a supervisor who is informed of an alleged constitutional violation, e.g. pursuant to reviewing an inmate's administrative grievance may be liable if they failed to remedy it[.]" ECF No. 123 at 11. The doctrine in question is supervisory liability under § 1983, which exists if there is "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted).

As a threshold matter, the court notes that a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented, as Paulo tries to do here. But out of an abundance of caution, the court nonetheless addresses his argument. Though Paulo argues that Williams and Wickham were "put on notice" of defendant Calderin's constitutional violation and thus subject to supervisory liability under § 1983 because they "failed to take corrective action" (ECF No. 123 at 11–12), a "causal connection" requires the ability to *change the outcome* and the record indicates that neither Williams nor Wickham had the authority to grant or deny religious diets. ECF No. 89-1 at 2; ECF No. 90 at 87 (Williams' Response to Request for Admission No. 5 denying that "he had the legal and Justifiable authority to grant [Paulo] a 'RDA' for common fare."); ECF No. 90 at 95 (Wickham's Response to Request for Admission No. 5 denying same). "[M]erely denying a grievance without some decision-making authority or ability to resolve the underlying issue grieved is not enough to

establish personal participation." *Hines v. Faulkner*, 2023 U.S. Dist. LEXIS 50873, *14–15 (D. Nev. Mar. 10, 2023), *reconsideration denied*, 2023 WL 7026574 (D. Nev. Oct. 25, 2023) (citing *Countryman v. Sherman*, 2022 U.S. Dist. LEXIS 219249, 2022 WL 17406341, at *10 (W.D. Wash. Oct. 21, 2022) (citations omitted)). For that reason, the court does not find reconsideration of its decision to dismiss defendants William and Wickham for lack of personal participation warranted.

### B. Paulo's motion for judgment is granted.

Paulo moves the court to enter a final, appealable judgment as to claim I pursuant to Rule 54(b) if reconsideration is denied. ECF No. 126 at 4. Paulo's motion is granted. The court's grant of summary judgment to defendants on claim I constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Mackey*, 351 U.S. at 436. It is then left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Id*. Here, the court does not see any just reason for delay. Given the claim in question constitutes an Eighth Amendment claim implicating Paulo's bodily well-being, I exercise my discretion and find that, although there is a "historic federal policy against piecemeal appeals" (*id*. at 438), the equities here justify the immediate opportunity to appeal.

## IV. Conclusion

IT IS THEREFORE ORDERED that Paulo's motion for reconsideration **[ECF No. 123]** is **DENIED.**

IT IS FURTHER ORDERED that Paulo's motion for judgment **[ECF No. 126]** is **GRANTED**. The Clerk of Court is kindly instructed to enter final judgment in favor of Jeremy Bean, Monique Hubbard-Pickett, Julie Matousek, and Brian Williams on plaintiff's claim I (Eighth Amendment).

DATED: December 14, 2023

_____
Cristina D. Silva
United States District Judge