AARON D. FORD
  Attorney General
MAYRA GARAY (Bar No. 15550)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3788 (phone)
(702) 486-3773 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants*
*Jeremy Bean, Jaymie Cabrera, Julio*
*Calderin, Albert Castellan, Bob Faulkner,*
*Monique Hubbard-Pickett, Julie Matousek,*
*Michael Minev, Martin Naughton,*
*Nonilon Peret, Craig Rose, Louisa Sanders,*
*Harold Wickham, and Brian Williams*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN PAULO, | Case No. 2:19-cv-00474-CDS-NJK |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Defendants. | |

Notice is hereby given that Defendants, Jeremy Bean, Jaymie Cabrera, Julio Calderin, Albert Castellan, Bob Faulkner, Monique Hubbard-Pickett, Julie Matousek, Michael Minev, Martin Naughton, Nonilon Peret, Craig Rose, Louisa Sanders, Harold Wickham, and Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Mayra Garay, Deputies Attorney General, pursuant to Fed R. App. P. 3 & 4 and 28 U.S.C. § 1291, appeal this Court's order (EFC No. 121), filed on September 25, 2023, partially denying Defendants' Motion for Summary Judgment based on qualified immunity, and partially granting Plaintiff's motion for summary judgment, thus denying

Defendants' entitlement to qualified immunity, which ruling is immediately appealable and once appealed divests the district court of jurisdiction.[1]

DATED this 23rd day of February 2024.

AARON D. FORD
Attorney General

By: */s/ Mayra Garay*
MAYRA GARAY (Bar No. 15550)
Deputy Attorney General

*Attorneys for Defendants*

---

[1] Defendants notice of appeal is timely. Fed. R. App. P. 4 requires that notice of appeal "must be filed with the district court clerk within 30 days after the ***entry*** of the judgment or order appealed from." (Emphasis added). "A judgment is entered when it is noted on the docket." Fed. R. App. P. 36(a). Fed. R. Civ. P. 58(a) provides, with certain exceptions not applicable here, that "*every* judgment and amended judgment must be set out in a separate document." (Emphasis added). Fed. R. Civ. P. 54(a) provides that "[j]udgment as used in these rules includes a decree and any order from which an appeal lies." The district court's order denying summary judgment on qualified immunity is a judgment requiring a separate document under Rule 58(a) because it is an order from which an appeal lies. *See Plumhoff v. Rickard*, 572 U.S. 765, 772-73 (2014) (holding that "a pretrial order rejecting a claim of qualified immunity is immediately appealable" under the "collateral order doctrine"). Rule 58(c), however, provides that "***judgment is entered*** . . . if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) ***and*** the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." (Emphasis added). As the district court has not set forth its judgment, partially denying Defendants' motion for summary judgment and partially granting Plaintiff's motion for summary judgment, on a separate document, entry of judgment did not occur until Thursday, February 22, 2024. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) (holding order was not "a separate document' because it was not "distinct from any opinion or memorandum" as the "order provide[d] the basis for the entry of judgment"). Defendants notice of appeal, therefore, is not presently due, until Monday, March 25, 2024, thirty days after the entry of judgment date and taking into account the intervening weekend. *See Ueckert v. Guerra*, 38 F.4th 446, 450-53 (5th Cir. 2022) (explaining that "parties have a 180-day window to file a notice of appeal if the district court neglected to enter the judgment in a separate document" when denying motion for summary judgment asserting qualified immunity because "Rule 58 also applies to interlocutory orders appealable under the collateral order doctrine").

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 23, 2024, I electronically filed the foregoing **NOTICE OF APPEAL** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically.

>Justin Paulo, #1128387
>High Desert State Prison
>P.O. Box 650
>Indian Springs, Nevada 89070
>*Plaintiff, Pro Se*

>*/s/* Jennifer N. Briones
>JENNIFER N. BRIONES, an employee of the
>Office of the Nevada Attorney General